UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------
YVETTE STEWART on behalf of herself
and all other similarly situated

                       Plaintiff,

    -against-

ALLIED INTERSTATE, INC.

                       Defendant.
------------------------------------------------------------

CV-10 2141
BLOCK, J.
MANN, M.

## CLASS ACTION COMPLAINT

### *Introduction*

1. Plaintiff seeks redress for the illegal practices of Allied Interstate, Inc. concerning the collection of debts, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA").

### *Parties*

2. Plaintiff is a citizen of the State of New York and resides in this District.

3. Plaintiff is a "consumer" as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that defendant sought to collect from plaintiff is a consumer debt, purportedly owed to Verizon.

4. Upon information and belief, Allied Interstate, Inc. is an Ohio corporation which maintains an office for collection of debts in Columbus, Ohio.

5. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

6. Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

1

### *Jurisdiction and Venue*

7. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district. Venue is also proper in this district since the defendant transacts business in this district and the collection letter was sent into this district.

### **Allegations Particular to Yvette Stewart**

9. On information and belief, on a date better known by defendant, defendant began attempting to collect an alleged consumer debt from the plaintiff.

10. On or about January 5, 2010 defendant sent the plaintiff a collection letter addressed to her former name being Yvette Parris seeking to collect a balance allegedly incurred for personal purposes.

11. Said letter states in pertinent part as follows: "Our client VERIZON may report information about your account to the credit bureaus.  Late payments, missed payments or other defaults on your account may be reflected in your Credit Report.

12. Upon information and belief, said language threatens in which the defendant does not engage.

13. Upon information and belief, Verizon does not report the payment history of late payments or missed payments in the same fashion like mortgage payments or credit card payments.

14. Upon information and belief, Verizon merely reports a debt in collection and if it has been referred to a collection agency.

15. Defendant's letter is in violation of 15 U.S.C. §§ 1692e(5), 1692e(8) and

2

1692e(10) for providing false credit information and for engaging in deceptive and falsely threatening practices.

## AS AND FOR A FIRST CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by plaintiff on behalf of herself and the members of a class, as against the defendant.*

16. Plaintiff restates, realleges, and incorporates herein by reference, paragraphs 1-15 as if set forth fully in this Cause of Action.

17. This cause of action is brought on behalf of plaintiff and the members of a class.

18. The Class consists of consumers who received the same form letter, as did the plaintiff.

19. The Class consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter (a) bearing the defendant's letterhead in substantially the same form as the letter sent to the plaintiff on or about January 5, 2010 sent within one year prior to the date of the within complaint; (b) the collection letter was sent to a consumer seeking payment of a consumer debt purportedly owed to Verizon; and (c) the collection letter was not returned by the postal service as undelivered (d) and that the letter contained violations of 15 U.S.C. §§ 1692e(5), 1692e(8) and 1692e(10).

20. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

3

(A) Based on the fact that the collection letters that are at the heart of this litigation are mass-mailed form letters, the class is so numerous that joinder of all members is impracticable.

(B) There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

(C) The only individual issue is the identification of the consumers who received the letters, (*i.e.* the class members), a matter capable of ministerial determination from the records of Defendant.

(D) The claims of the plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

(E) The plaintiff will fairly and adequately represent the class members' interests. The plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The plaintiff's interests are consistent with those of the members of the class.

21.  A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the

establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

22. If the facts are discovered to be appropriate, the plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

23. Collection letters, such as those sent by the defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

24. The defendant's use of the language violates the Fair Debt Collection Practices Act.

25. Because the defendant violated of the Fair Debt Collection Practices Act, the plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests that this Court enter judgment in his favor and on behalf of the members of the class, and against the defendant and award damages as follows:

    (a)    Statutory damages provided under the FDCPA, 15 U.S.C. 1692(k);

    (b)    Attorney fees, litigation expenses and costs incurred in bringing this action; and

    (c)    Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Cedarhurst, New York
May 4, 2010

_____
Adam J. Fishbein, P.C. (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
483 Chestnut Street
Cedarhurst, New York 11516
Telephone (516) 791-4400
Facsimile (516) 791-4411

Plaintiff requests trial by jury on all issues so triable.

_____
Adam J. Fishbein (AF-9508)

6

Undeliverable Mail Only:

P.O. Box 1954
Southgate, MI 481950954




Inc.

3000 Corporate Exchange Drive   Columbus, OH   43231
Toll Free: 866-578-4773
Mon-Fri 8AM-9PM Sat 8AM-12PM

Allied Interstate Acct. #: 15974375
Current Creditor: VERIZON
Current Creditor Acct. #: 7183451860807220
Amount Due:                        $535.40

MES/15974375/2306    004262220488    0017514/0080

Yvette Parris
590 Blake Ave Apt 4C
Brooklyn, NY 11207-4618

Date: Jan. 5, 2010

Dear Yvette Parris:

VERIZON has placed your account with Allied Interstate to recover the above referenced Amount Due and has agreed to accept one single payment in the amount of $374.78 as settlement on this account. To ensure proper credit, please make all payments payable to Allied Interstate, Inc., or to VERIZON.

You can take advantage of the settlement offer outlined above only if we receive your payment within 40 days from your receipt of this notice. After that time, we reserve the right to modify the settlement offer, or revoke the offer in its entirety.

Our client VERIZON may report information about your account to the credit bureaus. Late payments, missed payments, or other defaults on your account may be reflected in your Credit Report.

Unless you notify us within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, we will assume the debt is valid. If you notify us in writing within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, we will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of us in writing within 30 days after receiving this notice, we will provide you with the name and address of the original creditor, if different from the current creditor.

Please contact our office at the telephone number listed below should you wish to initiate a payment via the telephone. Please have this letter available when you call.

**We are a debt collector attempting to collect a debt and any information obtained will be used for that purpose. If your financial institution rejects or returns your payment for any reason, a service fee, the maximum permitted by applicable law, may be added to your Amount Due.**

Notice: SEE REVERSE SIDE FOR OTHER IMPORTANT INFORMATION

---

(Detach and return with payment)

2306

Allied Interstate Account No.:   15974375
Creditor Account No.:             7183451860807220
Amount Due:                              $535.40

Payment Enclosed: $_____

Payment and Correspondence Address:

MES/15974375
Allied Interstate Inc.
P.O. Box 361623
Columbus, OH  43236-1623

2306

Consumers who reside in the states listed below are entitled to the notices specified below. The laws of other States and Federal Law, may provide the same, similar, or even greater rights to consumers.

**California:**
"The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practice Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They must not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov".

**Colorado:**
A consumer has the right to request in writing that a debt collector or collection agency cease further communication with the consumer. A written request to cease communication will not prohibit the debt collector or collection agency from taking any other action authorized by law to collect the debt. FOR INFORMATION ABOUT THE COLORADO FAIR DEBT COLLECTION PRACTICES ACT, SEE WWW.COLORADOATTORNEYGENERAL.GOV/CA.

**Maine:** Maine residents may contact our office by telephone at the number and office hours stated on the front of this letter.

**Massachusetts:**
Massachusetts residents may contact our office by telephone at the number, office hours and address stated on the front of this letter or to 5230 Washington St. West Roxbury, MA 02132
NOTICE OF IMPORTANT RIGHTS
YOU HAVE THE RIGHT TO MAKE A WRITTEN OR ORAL REQUEST THAT TELEPHONE CALLS REGARDING YOUR DEBT NOT BE MADE TO YOU AT YOUR PLACE OF EMPLOYMENT. ANY SUCH ORAL REQUEST WILL BE VALID FOR ONLY TEN DAYS UNLESS YOU PROVIDE WRITTEN CONFIRMATION OF THE REQUEST POSTMARKED OR DELIVERED WITHIN SEVEN DAYS OF SUCH REQUEST. YOU MAY TERMINATE THIS REQUEST BY WRITING TO THE COLLECTION AGENCY.

**Minnesota:** This Collection Agency is licensed by the Minnesota Department of Commerce.

**Tennessee:**
This collection agency is licensed by the Collection Service Board, State Department of Commerce and Insurance.

**Wisconsin:**
This collection agency is licensed by the Office of the Administrator of the Division of Banking, P.O. Box 7876 Madison, Wisconsin 53707.

**North Carolina:**
North Carolina Department Insurance Permit No.: 3709, 3683, 3738, 917, 3715, 789, 3740, 1061, 4379, 3736, 3741, 4433, 4461, 4432, 4469.

**New York City:**
New York License No.: 1140302, 1173635, 1140115, 1140113, 1140304, 1140551, 1140554, 1140555, 0933734, 1168335, 1140606, 1140607, 1140608, 1248312, 1248315.

This is not an exclusive list of your rights. It is merely the set of disclosures required by certain states for residents of their states.