**ADAM J. FISHBEIN, P.C.**
ATTORNEY AT LAW

483 Chestnut Street
Cedarhurst, New York 11516

Telephone (516) 791-4400
Telecopier (516) 791-4411

May 24, 2011

**VIA ECF**
The Honorable Frederic Block
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

RE:   Stewart v. Allied
      10 CV 2141 (FB)

Dear Judge Block:

I represent the plaintiff in the above referenced matter and move to supplement and/or highlight plaintiff's response to defendant's motion to dismiss as the parties prepare for oral argument presently set for June 2, 2011 at 4:00 p.m. Where the Court has requested oral argument on matter where there are few facts and more legal implications, plaintiff thought that the following would be of assistance to the Court.

The points are as follows:

#1 Allied did not extend credit. No obligation exists for Allied to send such notice.

#2 The safe harbor provision is specifically in regard to a financial institution which extended credit and failed to provide such a notice.

#3 Allied has no requirement to send out a notice about creditor VERIZON. Allied should have sent the letter saying Allied would report to the consumer reporting agency.

#4 Concerning the safe harbor provision, the exact opposite is apparent concerning defendant's argument. In actuality, the safe harbor provision protects those financial institutions which reasonably believed that the institution is exempt from sending out the notice. The defendant has attempted to argue that it is protected because it include the language at issue. Where there is a conflict between FDCPA and the FCRA, the financial institution can rely on the safe harbor provision and not send out such notice. Clearly the defendant has misrepresented the statute. Even the least sophisticated consumer would understand that the safe harbor provision renders the defendant liable under the FDCPA.

The plaintiff reproduces certain highlighted statutory sections herein:

(A) Notice to consumer required.
 (i) In general. **If any financial institution that extends credit** (emphasis added) and regularly and in the ordinary course of business furnishes information to a consumer reporting agency described in section 603(p) [15 USCS § 1681a(p)] furnishes negative information to such an agency regarding credit extended to a customer, the financial institution shall provide a notice of such furnishing of negative information, in writing, to the customer.
 (ii) Notice effective for subsequent submissions. After providing such notice, the financial institution may submit additional negative information to a consumer reporting agency described in section 603(p) [15 USCS § 1681a(p)] with respect to the same transaction, extension of credit, account, or customer without providing additional notice to the customer.
 (B) Time of notice.
 (i) In general. The notice required under subparagraph (A) shall be provided to the customer prior to, or no later than 30 days after, furnishing the negative information to a consumer reporting agency described in section 603(p) [15 USCS § 1681a(p)].
 (ii) Coordination with new account disclosures. If the notice is provided to the customer prior to furnishing the negative information to a consumer reporting agency, the notice may not be included in the initial disclosures provided under section 127(a) of the Truth in Lending Act [15 USCS § 1637(a)].
 (C) Coordination with other disclosures. The notice required under subparagraph (A)--
 (i) may be included on or with any notice of default, any billing statement, or any other materials provided to the customer; and
 (ii) must be clear and conspicuous.
 (D) Model disclosure.
 (i) Duty of Board to prepare. The Board shall prescribe a brief model disclosure a financial institution may use to comply with subparagraph (A), which shall not exceed 30 words.
 (ii) Use of model not required. No provision of this paragraph shall be construed as requiring a financial institution to use any such model form prescribed by the Board.
 (iii) Compliance using model. A financial institution shall be deemed to be in compliance with subparagraph (A) if the financial institution uses any such model form prescribed by the Board, or the financial institution uses any such model form and rearranges its format.
 (E) Use of notice without submitting negative information. No provision of this paragraph shall be construed as requiring a financial institution that has provided a customer with a notice described in subparagraph (A) to furnish negative information about the customer to a consumer reporting agency.
 *(F) Safe harbor. A financial institution shall not be liable for failure to perform the duties required by this paragraph if, at the time of the failure, the financial institution maintained reasonable policies and procedures to comply with this paragraph or the financial institution reasonably believed that the institution is prohibited, by law, from*

*contacting the consumer.*  (Emphasis added.)

Being that the defendant is a debt collector, the debt collector must comply with the Fair Debt Collection Practices Act.  The FDCPA is clear that a consumer cannot be misled.  As plaintiff has pointed out, two Courts within the EDNY have already opined that the language at issue violations the FDCPA.

Thank you for the Court's consideration of the foregoing.


Yours faithfully,

/s/
Adam J. Fishbein

cc:     Christopher B. Hitchcock, Esq.