ORIGINAL

D$F
C/M

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x

YVETTE STEWART, on behalf of herself
and all others similarly situated,

              Plaintiff,           **MEMORANDUM AND ORDER**
                                                              Case No. 10-CV-2141 (FB) (RLM)

    -against-

ALLIED INTERSTATE, INC.,

              Defendant.
------------------------------------------------------------x

*Appearances:*
*For the Plaintiff:*                                     *For the Defendant:*
ADAM JON FISHBEIN                     CHRISTOPHER B. HITCHCOCK
Adam J. Fishbein, Attorney at Law       JOHN WALTER HANSON
483 Chestnut Street                                Hitchcock & Cummings, LLP
Cederhurst, NY 11516                          120 West 45th Street, Suite 405
                                                                    New York, NY 10036

**BLOCK, Senior District Judge:**

        For the reasons stated at oral argument and summarized below, defendant's motion to dismiss under Fed. R. Civ. P. 12(b)(6) is denied.

        Yvette Stewart ("Stewart") brings this putative class action under the Fair Debt Collection Practices Act ("FDCPA"). The FDCPA prohibits debt collectors from "use[ing] any false, deceptive, or misleading representation or means in connection with the collection of any debt," 15 U.S.C. § 1692e, including "threat[ening] to take any action that cannot legally be taken or that is not intended to be taken," 15 U.S.C. § 1692e(5), or "use[ing] [] any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer," *id.* § 1692e(10).

        Stewart claims that Allied Interstate, Inc. ("Allied") — a debt collector — made

a false, deceptive and misleading statement when it wrote in its collection letter to her that: "Our client VERIZON may report information about your account to the credit bureaus. Late payments, missed payments or other defaults on your account may be reflected in your Credit Report." Compl. ¶ 11. Stewart alleges that statement was false and misleading because "Verizon does not report the payment history of late payments or missed payments,"[1] *id.* ¶ 13, "Verizon merely reports a debt in collection and if it has been referred to a collection agency, *id.* ¶ 14, and, thus, "[the letter's] language threatens [sic] in which the defendant does not engage," *id.* ¶ 12.

Because this is a motion to dismiss, all Stewart's allegations are taken as true.[2] *See LaFaro v. New York Cardiothoracic Group, PLLC*, 570 F.3d 471, 475 (2d Cir. 2009) ("On a motion to dismiss . . . we must accept all allegations in the complaint as true and draw all inferences in the non-moving party's favor.") (internal quotation marks omitted).

Allied argues that because the wording of its letter was nearly identical to model language provided to financial institutions for the purpose of complying with the Fair Credit Reporting Act,[3] 15 U.S.C. § 1681 ("FCRA"), it cannot be held liable under the

---

[1]Stewart did not allege that Allied knew about Verizon's debt-reporting practices, but because the FDCPA is a strict liability statute, *Russell v. Equifax A.R.S.*, 74 F.3d 30, 33 (2d Cir. 1996), Stewart was not required to allege Allied's knowledge to state a claim.

[2]At this stage, *Harrison v. Palisades Collection LLC*, No 06-CV-3239 (E.D.N.Y. 2007) (transcript) and *Fainbrun v. Sw. Credit Sys., L.P.*, 246 F.R.D. 128 (E.D.N.Y. 2007) – cited in Stewart's memorandum of law – are irrelevant; both were decided on motions for summary judgment, after the parties had engaged in discovery.

[3]The regulations promulgated by the Federal Reserve to enforce the FCRA provide this model language: "We may report information about your account to credit bureaus. Late payments, missed payments, or other defaults on your account may be

2

FDCPA. Defendant cites no authority in support of that argument and the Court has found none.

The purpose of the model notices promulgated under the FCRA is to demonstrate the type of notice a financial institution must give a customer before reporting negative information to a consumer reporting agency. *See* 15 U.S.C. § 1681s-2(a)(7)(A). A Federal Reserve regulation provides that debt collectors are considered "financial institutions," and are also subject to the FCRA's notice requirements. *See* 12 C.F.R. § 225.28(b)(2)(iv). The purpose of the FDCPA, by contrast, is to "eliminate abusive debt collection practices by debt collectors." 15 U.S.C. § 1692(e). These purposes are not in conflict: a debt collector must give notice to debtors before reporting negative information under the FCRA, and a debt collector must not use false, misleading, or deceptive means to collect a debt under the FDCPA.

It may well be that Allied has complied with the notice requirements in the FCRA, but such compliance does not necessarily shield it from liability under the FDCPA. Thus, Allied's motion to dismiss is denied.

**SO ORDERED.**

s/ Judge Frederic Block

FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
June 3, 2011

---

reflected in your credit report." 12 C.F.R. § 222, App. B, Model Notice B-1.